IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

THOMAS E. MITCHELL,     )
                       )
   Plaintiff,     )
                       )
                       )
v.                 )     No. 08-2496
                       )
CHIEF ALEXANDER, et al.,   )
                       )
   Defendants.    )
                       )
                       )

---

### ORDER DENYING DEFENDANTS' MOTIONS <u>IN</u> <u>LIMINE</u>

---

Before the Court are four Motions <u>in</u> <u>Limine</u> filed by Defendants. (Dkt. Nos. 46-49.) Although each Motion raises potentially valid points about the ability of Plaintiff to prove his case at trial, the matters raised are properly addressed by motions to dismiss or motions for summary judgment. Because Defendants failed to raise these issues in a dispositive motion, Defendants' Motions <u>in</u> <u>Limine</u> are DENIED.

Defendants' First Motion <u>in</u> <u>Limine</u> argues that the Court should prohibit Plaintiff from offering any proof about his efforts to file grievances or the failure of Defendants to respond to Plaintiff's grievances. Defendants argue that Plaintiff has no federally-protected constitutional right to a grievance procedure and that the mere denial of a filed

grievance cannot support a § 1983 action. Defendants are correct that a mere failure by prison authorities to act on a filed grievance cannot support a claim under § 1983. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lee v. Mich. Parole Bd., 104 F. App'x 490, 493 (6th Cir. 2004). However, this does not render any testimony about the grievance process irrelevant. If Plaintiff can demonstrate that a Defendant "implicitly authorized, approved, or knowingly acquiesced in unconstitutional conduct" of others, he may recover. Shehee, 199 F.3d at 300. Evidence about how Defendants responded to Plaintiff's grievances may be relevant in that analysis. Therefore, Defendants' Motion to exclude all evidence about the grievance process is DENIED.

Defendants' Second Motion in Limine seeks to prohibit Plaintiff from testifying that the tar fumes produced during the re-roofing of his housing area caused Defendant to become ill. Defendants argue that Plaintiff is not an expert qualified to opine on whether his inhalation of the fumes proximately caused his health problems or what those health problems were. Defendants are correct that Plaintiff cannot qualify as a medical expert; however, Federal Rule of Evidence 702, which governs the admission of expert witness testimony, would not prohibit Plaintiff from testifying about the symptoms he experienced or when he began to experience them. Defendants'

2

real assertion is that Plaintiff cannot prove his claim without reliance on expert testimony. Because Defendants did not make that argument in a properly filed summary judgment motion, Defendants' Motion is DENIED. Defendants may object during trial should Plaintiff seek to opine on matters that go beyond his knowledge as a layman.

Defendants' Third Motion in Lime is essentially a Motion to Dismiss. It asserts that Plaintiff's Complaint presents "numerous conclusory allegations that have no basis in fact." The Motion seeks to exclude evidence about whether 1) prison officials deprived Plaintiff of his rights; 2) prison living conditions were unsanitary; 3) prison officials disregarded Plaintiff's safety; 4) roofers working on the building were reckless; 5) the prison was overcrowded; and 6) prison officials were disrespectful toward Plaintiff. Conclusory evidence cannot sustain Plaintiff's claims; however, Defendants cannot use a motion in limine as a substitute for a proper motion to dismiss or motion for summary judgment. Defendants Third Motion in Limine is DENIED. Defendants may object at trial should Plaintiff attempt to substitute conclusory statements for relevant evidence.

Defendants' Fourth Motion in Limine seeks to exclude Plaintiff's claim for lack of access to the prison law library because Plaintiff has failed to demonstrate that any actual

3

injury resulted from his alleged deprivation. In Lewis v. Casey, 518 U.S. 343, 351 (1996), the Supreme Court held that, to succeed on an access claim, "the inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Plaintiff can demonstrate this by showing "that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known" or that he could not file a complaint to remedy arguably actionable conduct because of the prison library's deficiencies. Id. Defendants' argument, therefore, is that Plaintiff has failed to state a claim under this standard. Because the time for filing dispositive motions has expired and Defendants did not raise this issue in a motion to dismiss or motion for summary judgment, they must proceed to trial on the claim and make their stated defense there. Defendant's Fourth Motion in Limine DENIED.

So ordered this 25th day of June, 2010.


s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE